IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01133–EWN–OES


CORNICE TECHNOLOGIES, INC., a Colorado corporation,

     Plaintiff and Counterclaim Defendant,

v.

AFFINITY DENTAL PRODUCTS, INC.,
  d/b/a AFFINITY PRODUCTS, INC., a California corporation,

     Defendant, Counterclaimant and Third-Party Plaintiff,

v.

AJAY GUPTA,
d/b/a/ INVENTORS PUBLISHING AND RESEARCH (ABSOLUTELY NEW),

     Third-Party Defendant.

---

### ORDER AND MEMORANDUM OF DECISION

---

     This is a patent infringement case.  Plaintiff Cornice Technologies Inc. ("Plaintiff")

asserts that Defendant and Third-Party Plaintiff Affinity Dental Products, Inc., d/b/a Affinity

Products, Inc. ("Defendant") infringed upon its patents.  Defendant asserts that Third-Party

Defendant Ajay Gupta ("Third-Party Defendant") must indemnify Defendant for any losses

associated with this lawsuit.  This matter is before the court on (1) "Defendant's Motion to

Dismiss," filed August 17, 2004, (2) "Plaintiff's Verified Motion to Substitute Exhibit 1 to its

Opposition to Defendant's Motion to Dismiss," filed December 7, 2004, and (3) Third-Party

Defendant's "Motion to Dismiss Third Party Complaint for Failure to State a Claim on Which

Relief may be Granted and for Improper Venue," filed January 24, 2005. Jurisdiction is premised upon 28 U.S.C. §§ 1331 and 1338 (2004).

## FACTS

*1.*     *Factual Background*

Plaintiff is a Colorado corporation with its principal place of business in Colorado. (Am. Compl. ¶ 1 [filed Feb. 10, 2005] [hereinafter "Am. Compl."].)  Defendant is a California corporation with its principal place of business in California.  (*Id.* ¶ 2.)  Third-Party Defendant is an individual with his principal place of business in California.  (Answer, Countercl. and Third Party-Compl. ¶ 2 [filed Nov. 19, 2004] [hereinafter "Answer and Third-Party Compl."].)

On April 30, 2002, the United States Patent and Trademark Office issued a patent to Frank Bruno and Marva Plummer-Bruno (collectively "the Brunos"), residents of Colorado, for a universal vacuum extension kit ("vacuum extension patent").  (Pl.'s Opp'n to Def.'s Mot. to Dismiss, Whiteside Aff. ¶ 13 [filed Sept. 8, 2004] [hereinafter "Pl.'s Resp."]; Pl.'s Verified Mot. to Substitute Ex. 1 to its Opp'n to Def.'s Mot. to Dismiss, Ex. 1 [United States Patent] [filed Dec. 7, 2004] [hereinafter "Pl.'s Mot. to Substitute"].)  On March 24, 2003, the Brunos filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code.  (Pl.'s Resp., Whiteside Aff. ¶ 14, Ex. 2 [Bankruptcy Petition].)

On June 3, 2003, Plaintiff began negotiating with the trustee of the Brunos' estate for the purchase of the vacuum extension patent.  (*Id.*, Whiteside Aff. ¶¶ 2, 5.)  Meanwhile, in October 2003, Defendant, the Brunos, and Third-Party Defendant entered into an "exclusive license agreement" wherein the Brunos licensed the vacuum extension patent to Defendant through their agent, Third-Party Defendant.  (*Id.*, Whiteside Aff. ¶ 19, Ex. 7 [Exclusive License Agreement];

Br. in Supp. of Mot. to Dismiss Third Party Compl. for Failure to State a Claim on Which Relief

May be Granted and for Improper Venue, Ex. A [Exclusive License Agreement] [filed Jan. 24,

2005] [hereinafter "Third-Party Def.'s Br."].)  This exclusive license agreement contains an

indemnity clause which provides that the "Licensor[, the Brunos,] and Licensor's Agent[, Third-

Party Defendant,] shall indemnify, hold harmless and defend Licensee, [Defendant,] . . ." (Third-

Party Def.'s Br., Ex. A at 6 [Exclusive License Agreement].)  This exclusive license agreement

also contains (1) a choice of law clause that chooses California law and (2) a forum selection

clause that states that "[a]ll disputes hereunder shall be resolved in the applicable state or federal

courts of California.  The Parties consent to the jurisdiction of such courts, agree to accept

service of process by mail, and waive any jurisdictional or venue defenses otherwise available."

(*Id.*, Ex. A at 9 [Exclusive License Agreement].)  Then, on March 31, 2004, Plaintiff and the

trustee of the Brunos' estate executed a purchase agreement wherein Plaintiff bought the vacuum

extension patent from the trustee.  (Pl.'s Resp., Whiteside Aff. ¶¶ 5–6, 16, Ex. 4 [Patent

Purchase Agreement].)

    In April 2004, Charles Whiteside, Plaintiff's President, learned that Defendant was

manufacturing a vacuum cleaner extension kit that Whiteside believed infringed upon Plaintiff's

vacuum extension patent.  (*Id.*, Whiteside Aff. ¶¶ 2, 9.)  Defendant was selling this product

through a company called Solutions.[1]  (*Id.*, Whiteside Aff. ¶ 9.)  Whiteside went to Solutions'

website on a computer located in Colorado and ordered the allegedly infringing product.  (*Id.*,

Whiteside Aff. ¶¶ 2, 9.)  Solutions then shipped the allegedly infringing product to Whiteside's

---

[1]Presumably, Solutions is not the full name of this company.  However, the parties have
not provided Solutions' full name.

home in Colorado.  (*Id.*, Whiteside Aff. ¶ 11.)[2]

**2.     *Procedural History***

Plaintiff filed a complaint against Defendant in the present action on June 2, 2004,

asserting that Defendant infringed upon its vacuum extension patent.  (Compl. [filed June 2,

2004].)  On August 17, 2004, Defendant moved to dismiss Plaintiff's complaint based upon lack

of personal jurisdiction and improper venue.  (Def.'s Mot. to Dismiss [filed Aug. 17, 2004]

[hereinafter "Def.'s Br."].)  Plaintiff filed its response on September 8, 2004, (Pl.'s Resp.), and

then later filed a motion to substitute its first exhibit in this response brief.  (Pl.'s Mot. to

Substitute.)

Defendant filed its answer on November 19, 2004.  (Answer and Third-Party Compl.)  In

Defendant's answer, Defendant (1) filed counterclaims against Plaintiff and (2) filed a third-party

complaint against Third-Party Defendant, asserting that under the exclusive license agreement

Third-Party Defendant must indemnify Defendant for any losses associated with Plaintiff's

lawsuit against Defendant.  (*Id.*)  On January 24, 2005, Third-Party Defendant moved to dismiss

the third-party complaint for failure to state a claim upon which relief can be granted and

improper venue.  (Mot. to Dismiss Third Party Compl. for Failure to State a Claim on Which

Relief May be granted and for Improper Venue [filed Jan. 24, 2004].)  On February 10, 2005,

---

[2]The aforementioned factual background with regards to Defendant's motion to dismiss
contains the entirety of Plaintiff's pertinent allegations.  Plaintiff has not provided any
information regarding (1) the relationship between Solutions and Defendant, except that Solutions
sells Defendant's allegedly infringing product, or (2) the amount, if any, of other sales made by
Solutions of Defendant's allegedly infringing product to customers in Colorado.  Defendant's
briefing is even less helpful, for Defendant has provided no affidavits or other admissible
evidence that address any issues raised by its motion to dismiss.

Plaintiff filed an amended complaint.  (Am. Compl.)  All three pending motions are now fully briefed.

## ANALYSIS

### *1.      Defendant's Motion to Dismiss for Lack of Personal Jurisdiction*

Defendant moves to dismiss Plaintiff's complaint for lack of personal jurisdiction and improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3).  (Def.'s Br.)[3] Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2) (2004).  Likewise, Rule 12(b)(3) provides that a defendant may move to dismiss a complaint because of "improper venue." Fed. R. Civ. P. 12(b)(3).

In patent infringement suits, Federal Circuit law, as opposed to regional circuit law, governs the issue of personal jurisdiction.  *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003); *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377–78 (Fed. Cir. 1998).  Where the district court's disposition of a motion to dismiss for lack of personal jurisdiction is based upon affidavits and other written materials, and the district court does not hold an evidentiary hearing, "a plaintiff need only to make a *prima facie* showing that defendants are subject to personal jurisdiction." *Elecs. For Imaging*, 340 F.3d at 1349.  In this analysis, "a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *Id.*

There are two types of personal jurisdiction — specific jurisdiction and general

---

[3]Defendant misidentifies these rules as Rule 12(2) and Rule 13(3).  (Def.'s Br.)

jurisdiction. *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). Specific jurisdiction "arises out of or relates to the cause of action even if those contacts are isolated and sporadic." *Id.* (internal quotation marks omitted). In other words, specific jurisdiction applies when the defendant has a certain amount of minimum contacts with the forum state, when these minimum contacts relate to the cause of action. *See Black's Law Dictionary* 857 (7th ed. 1999). General jurisdiction, on the other hand, "arises when a defendant maintains continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts." *Trintec Indus.*, 395 F.3d at 1279 (internal quotation marks omitted). Thus, with regards to general jurisdiction, if the defendant has a sufficient general connection with the forum state, the defendant need not have any connection with the forum state with regards to the particular cause of action in the lawsuit. *See Black's Law Dictionary* 856 (7th ed. 1999). Since, as discussed below, Plaintiff has shown specific jurisdiction over Defendant, I need not address the issue of general jurisdiction. Prior to addressing the issue of specific jurisdiction, I discuss some preliminary matters.

### a.   *Preliminary Matters*

I discuss four preliminary matters prior to addressing the merits of Defendant's motion. First, as a general rule, when a motion to dismiss is directed at a complaint that has since been superceded by an amended complaint, the motion to dismiss is moot. It is black letter law that when the parties amend the pleadings, the amended pleadings supercede the original pleadings. *See, e.g., Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amended complaint supercedes original). In such circumstances, the defendant's motion to dismiss is directed at a pleading that is no longer operative, and the motion is therefore moot.

I do not, however, apply this rule here.  Although Defendant filed its motion to dismiss in response to Plaintiff's original complaint, and Defendant has not re-filed its motion to dismiss in response to Plaintiff's amended complaint, Defendant's motion is still properly before the court. Defendant was required to raise its objection to Plaintiff's complaint based upon personal jurisdiction in either its answer or in a pre-answer motion.  *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 175 (10th Cir. 1992).  Otherwise, Defendant would have waived its personal jurisdiction defense.  *Id.*  Plaintiff's amended complaint, moreover, does not alter Defendant's challenge to personal jurisdiction in any manner.  (*See* Am. Compl.)  Since Plaintiff's new complaint has no bearing on Defendant's motion to dismiss for lack of personal jurisdiction, and Defendant was required to file this motion with regards to Plaintiff's initial complaint, I consider Defendant's motion to dismiss.

Second, it is worth briefly noting that Defendant did not waive personal jurisdiction by filing its counterclaims and third-party complaint.  When a party files counterclaims or a third-party complaint arising out of the same transaction or occurrence as the original claims, the party does not waive personal jurisdiction.  *See Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*, 292 F.3d 1363, 1372 (Fed. Cir. 2002) (holding that defendant waives objection to personal jurisdiction by filing counter-claims or a third-party complaint not arising out of the same transaction or occurrence as the original claims).  Here, since Defendant's counterclaims and third-party complaint, as pled, arise out of the same transaction or occurrence, Defendant has not waived personal jurisdiction.

Third, I need not address the portion of Defendant's motion to dismiss that deals with venue.  "Venue in a patent action against a corporate defendant exists wherever there is personal

jurisdiction." *Trintec*, 395 F.3d at 1280; *see also Lexmark Int'l, Inc. v. Laserland, Inc.*, 304 F.

Supp. 2d 913, 920 (E.D. Ky. 2004).  Thus, my conclusion on specific personal jurisdiction

governs the venue issue.

Fourth, Plaintiff moves to substitute an exhibit to its response brief.  (Pl.'s Mot. to

Substitute.)  Defendant does not oppose the substitution of this exhibit.  (Def.'s Opp'n to Pl.'s

Mot. to Substitute Ex. 1 at 1 [filed Dec. 9, 2004] [hereinafter "Def.'s Resp. to Mot. to

Substitute"].)  The parties dispute issues related to the original exhibit that neither impact

Defendant's motion to dismiss nor Plaintiff's motion to substitute the exhibit.  (Pl.'s Mot. to

Substitute; Def.'s Resp. to Mot. to Substitute.)  Accordingly, I grant Plaintiff's motion to

substitute exhibit one in its response brief, and consider exhibit one as set forth in its motion to

supplement as opposed to exhibit one in its response brief.  I express no opinion with regards to

the other issues raised by the parties in their briefings on Plaintiff's motion to substitute.

### b.    *Specific Jurisdiction*

"Specific jurisdiction exists when a non-resident defendant purposefully establishes

minimum contacts with the forum state, the cause of action arises out of those contacts, and

jurisdiction is constitutionally reasonable." *3D Sys.*, 160 F.3d at 1378.  In order to determine

whether specific personal jurisdiction exists over a nonresident defendant, the court must engage

in two inquiries: (1) whether the forum state's long-arm statute permits service of process and

(2) whether the assertion of jurisdiction would be inconsistent with due process." *Elecs. For

Imaging*, 340 F.3d at 1349.  Colorado's long-arm statute extends jurisdiction to the fullest extent

permitted by the due process clauses of the United States Constitution.  *Keefe v. Kirschenbaum

& Kirschenbaum*, 40 P.3d 1267, 1270 (Colo. 2002).  The specific personal jurisdiction analysis

in this case therefore narrows to one inquiry — whether this court's exercise of personal

jurisdiction over Defendant would violate due process.

This due process inquiry involves a three-part test: "(1) whether the defendant

purposefully directed its activities at residents of the forum, (2) whether the claim arises out of

or relates to those activities, and (3) whether assertion of personal jurisdiction is reasonable and

fair." *3D Sys.*, 160 F.3d at 1378.  Plaintiff bears the burden on the first two prongs, and

Defendant bears the burden on the third prong. *Elecs. For Imaging*, 340 F.3d at 1351–52.  I

address each prong in turn, and, as apparent below, the first prong requires a far more extensive

analysis than the latter two prongs.

Regarding the first prong, whether the defendant purposefully directed its activities at

residents in the forum, Defendant primarily argues that it cannot be held responsible for the

actions of its distributor, Solutions.  (Def.'s Br. at 1–2; Def.'s Reply to Pl.'s Opp'n to Def.'s

Mot. to Dismiss at 2 [filed Sept. 24, 2004] [hereinafter "Def.'s Reply"].)  As set forth below, I

reject this argument.  In *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, the Federal Circuit

addressed the issue of whether the Due Process Clause permits a court to exercise jurisdiction

where the "alleged foreign infringer's sole contact with the forum resulted from indirect

shipments through the stream of commerce." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21

F.3d 1558, 1564 (Fed. Cir. 1994).  In *Beverly Hills Fan*, the defendants did not sell the allegedly

infringing product in Virginia, but sold their product to distributors who, in turn, sold the

product in Virginia. *Id.* at 1560–61.  The Federal Circuit held that since the "defendants

purposefully shipped the [allegedly infringing product] into Virginia through an established

distribution channel," the plaintiff established specific jurisdiction in Virginia. *Id.* at 1565.  Here,

through Solutions, Defendant has made its product available to all of those who might buy from Solutions. Solutions sells Defendant's allegedly infringing product through its website. (Pl.'s Resp., Whiteside Aff. ¶¶ 10–11.) Thus, if Solutions' website provides a basis for specific personal jurisdiction in Colorado, then this court can exercise jurisdiction over Defendant.

A defendant's use of a web site to conduct business in the forum state, such as having a website that a customer in the forum state can access and purchase the infringing product, provides a basis for a court's exercise of personal jurisdiction. *Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 837–38 (N.D. Ill. 2000); *Stomp, Inc. v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1078–811 (C.D. Cal. 1999); *cf. Park Inns Int'l, Inc. v. Pac. Plaza Hotels, Inc.*, 5 F. Supp. 2d 762, 763–65 (D. Ariz. 1998) (holding that by accepting reservations on its website, defendant hotel in California availed itself to Arizona forum). This rule makes sense because the defendant is entering into a sales contract with the buyer in the forum state and subsequently ships the product to the buyer in the buyer's forum state.

A single sale and shipment of the infringing product to a customer in the forum state is enough to establish personal jurisdiction. *IP Innovation, LLC v. RealNetworks, Inc.*, 310 F. Supp. 2d 1209, 1213 (W.D. Wash. 2004); *Maxwell Chase Techs., LLC v. KMB Produce, Inc.*, 79 F. Supp. 2d 1364, 1372–73 (N.D. Ga. 1999); *Osteotech, Inc. v. GenSci Regeneration Scis., Inc.*, 6 F. Supp. 2d 349, 354 (D.N.J. 1998). Plaintiff has alleged the sale and shipment of the infringing product to a customer, itself, in the forum state. (Pl.'s Resp., Whiteside Aff. ¶¶ 9–11.) Thus, Plaintiff has seemingly shown that Defendant availed itself to the Colorado market.

Although not addressed by the parties, the troubling implication of the above evidence and analysis is that Plaintiff has not shown that Defendant's distributor sold the infringing

product to any customers in Colorado other than to an agent of Plaintiff.  Numerous district

courts have found that when a plaintiff or its agents purchase a product from the defendant, that

this sale cannot be considered with regards to personal jurisdiction because a plaintiff cannot

unilaterally manufacture jurisdiction by purchasing the purportedly offending product.

*Lexmark*, 304 F. Supp. 2d at 917; *Edberg v. Neogen Corp.*, 17 F. Supp. 2d 104, 112 (D. Conn.

1998); *Affinity Memory & Micro, Inc. v. K & Q Enters., Inc.*, 20 F. Supp. 2d 948, 952 (E.D. Va.

1998); *DeSantis v. Hafner Creations, Inc.*, 949 F. Supp. 419, 424–25 (E.D. Va. 1996); *Martin v.*

*First Interstate Bank of California*, 914 F. Supp. 473, 477 (D.N.M. 1995).  This conclusion

comes, in part, from the general rule that contacts resulting from the unilateral activity of others

do not count in determining minimum contacts.  *Red Wing Shoe Co., Inc. v.*

*Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998).  This requirement is

appropriate because to hold otherwise would allow a plaintiff to manufacture jurisdiction over a

non-resident defendant in any forum.

This rule, however, is not universally followed.  Other courts have imposed this rule, but

only in the case where the plaintiff manufactures jurisdiction by purchasing the purportedly

offending product after it has filed the complaint.  *Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F.

Supp. 2d 690, 697 (D. Del. 1998); *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 333

(D.S.C. 1999).  Still other courts rejected this rule and have exercised personal jurisdiction when

the only customers who purchase the allegedly infringing product in the forum were related to the

plaintiff.  *Stomp*, 61 F. Supp. 2d at 1076.  The resolution of this issue is a close call due to the

lack of controlling law on this issue, the diversity of views set forth by the district courts, and

insufficient briefing by the parties.

In light of the facts that (1) neither party has addressed this issue, (2) the court should draw all inferences in favor of the plaintiff, *Elecs. For Imaging*, 340 F.3d at 1349, and (3) it is a reasonable inference that Solutions has sold other allegedly infringing products in Colorado, *see Superguide Corp. v. Kegan*, 987 F. Supp. 481, 486 (W.D.N.C. 1997) (without evidence on the issue, the court assumes that a number of the defendant's website visitors are from the forum state and have utilized defendant's services), I will assume at this stage in the proceedings that Plaintiff has demonstrated that Defendant, through Solutions, has availed itself of the Colorado market. Accordingly, if Defendant does not believe it is a reasonable inference that Solutions has sold Defendant's allegedly infringing products in Colorado to anyone besides Plaintiff in light of the evidence produced through discovery in this case, Defendant may renew its personal jurisdiction argument at a later date.

I next address the second prong of the due process test, whether the claim arises out of or relates to the activities defendant purposefully directed at the residents of the forum. *3D Sys.*, 160 F.3d at 1378. The claims in this case deal with Defendant's alleged infringement of the vacuum extension patent. (Am. Compl.) Here, the evidence shows that Defendant's product, which Solutions sold and shipped to Whiteside, is the one that purportedly infringes upon Plaintiff's patent. (Pl.'s Resp., Whiteside Aff. ¶¶ 9–12.) Plaintiff has therefore met this prong.

Accordingly, I address the third prong of the due process test, "whether [the] assertion of personal jurisdiction is reasonable and fair." *3D Sys.*, 160 F.3d at 1378. Although Plaintiff thoroughly briefs this prong, (Pl.'s Resp. at 9–12), I can quickly dispose of this issue. Defendant bears the burden on this prong. *Elecs. For Imaging*, 340 F.3d at 1351–52. Defendant's sole argument on this point is that it does not have sufficient contacts with Colorado

to permit this court to have jurisdiction over it. (Def.'s Reply at 3–4.)  In light of the above analysis with regards to the first due process factor, I reject this argument.  Since Defendant has proffered no other reasons why it would not be reasonable or fair to subject it to jurisdiction in Colorado, I conclude that Plaintiff also prevails on this prong.

For the reasons set forth above, I deny without prejudice Defendant's motion to dismiss for lack of subject matter jurisdiction and improper venue.

**2.      *Third-Party Defendant's Motion to Dismiss***

Third-Party Defendant moves to dismiss Defendant's third-party complaint for failure to state a claim upon which relief can be granted and improper venue.  (Third-Party Def.'s Br.) Third-Party Defendant's argument regarding improper venue is based upon the forum selection clause in the exclusive license agreement.  (*Id.* at 10–12.)  In ruling on a motion to dismiss based upon a forum selection clause, courts apply Rule 12(b)(3), the rule regarding a motion to dismiss for improper venue.  *K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 497 (10th Cir. 2002); *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 323–24 (9th Cir. 1996).  A district court should rule on a motion to dismiss for improper venue prior to ruling on a motion to dismiss for failure to state a claim upon which relief can be granted.  *Sherman v. Am. Fed'n of Musicians*, 588 F.2d 1313, 1314 (10th Cir. 1978); *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963).  In ruling on a motion to dismiss for improper venue, the district court may consider matters outside of the pleadings.  *Argueta*, 87 F.3d at 324.

There are two types of forum selection clauses, mandatory and permissive.  *Excell, Inc. v.*

*Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997).[4]  A mandatory forum selection

clause contains clear language that demonstrates that jurisdiction is appropriate only in the

designated forum.  *Id.*

Here, the forum selection clause states that "[a]ll disputes hereunder shall be resolved in

the applicable state or federal courts of California.  The Parties consent to the jurisdiction of such

courts, agree to accept service of process by mail, and waive any jurisdictional or venue defenses

otherwise available."  (Third-Party Def.'s Br., Ex. A at 9 [Exclusive License Agreement].)  This

language is clear and shows that the only appropriate jurisdiction is California courts.  (*Id.*)

Defendant argues that the enforcement of the indemnification clause in the exclusive license

agreement is not a "dispute[] hereunder," and thus the forum selection clause does not apply.

(Def.'s Resp. at 6.)  I reject this argument because the exclusive license agreement provides that

the "Licensor and Licensor's Agent shall indemnify, hold harmless and defend Licensee . . ."

(Third-Party Def.'s Br., Ex. A at 6 [Exclusive License Agreement]), and Defendant and Third-

---

[4]The parties have not addressed the choice of law issues surrounding the forum selection clause.  The choice of law issue is whether the court should interpret the forum selection clause under California state law, Colorado state law, or federal common law.  Since there are no material differences between these various laws, *see, e.g., Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (forum selection clauses "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances"); *Intershop Communications v. Superior Court*, 104 Cal. App. 4th 191, 198, 127 Cal. Rptr. 2d 847, 852 (Cal. App. 1 Dist. 2002) (forum selection clauses are "presumed valid and will be enforced unless the plaintiff shows that enforcement of the clause would be unreasonable under the circumstances of the case"); *Vessels Oil & Gas Co. v. Coastal Refining & Mktg.*, 764 P.2d 391, 393 (Colo. App. 1988) (forum selection clauses are enforceable if they are fair and reasonable), I find it unnecessary to decide the issue.  *See Excell*, 106 F.3d at 320–21 (concluding that it was unnecessary to address choice of law issue regarding the validity of the forum selection clause because Colorado state law and federal common law were virtually the same).

Party Defendant dispute whether this indemnification provision applies to Third-Party Defendant in this case. (*Id.* at 5–10; Def.'s Resp. at 2–5.) Thus, this case precisely deals with a dispute with regards to the exclusive license agreement. Accordingly, (1) the parties have a dispute regarding the exclusive license agreement and (2) the forum selection clause to resolve this dispute is mandatory in nature.

Since the forum selection clause's language is clear and mandatory, Defendant can only avoid the forum selection clause's operation by demonstrating that it is unfair or unreasonable. *Excell*, 106 F.3d at 321 ("Because we conclude the language of the forum selection clause is clear and mandatory, the only way for Sterling to avoid the effect of the clause is to demonstrate it is unfair or unreasonable"); *see also M/S Bremen*, 407 U.S. at 10 (1972) (forum selection clauses "should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."). A forum selection clause may be unreasonable due to, for example, overreaching, unequal bargaining power, or serious inconvenience. *Excell*, 106 F.3d at 321.

Defendant argues that I should not enforce the forum selection clause because it is unreasonable for this court to try the part of this case between Plaintiff and Defendant, and for a California court to try the third-party part of this case. Courts have repeatedly held, however, that enforcing forum selection clauses in third-party actions is not unreasonable. *Pascalides v. Irwin Yacht Sales N., Inc.*, 118 F.R.D. 298, 303 (D.R.I. 1988) (collecting cases); *see also Lafargue v. Union Pac. R.R.*, 154 F. Supp. 2d 1001, 1005 (S.D. Tex. 2001). Defendant's argument as to this point is therefore unavailing. For the reasons set forth above, I grant Third-Party Defendant's motion to dismiss for improper venue.

*3.*    ***Conclusions***

Based on the foregoing it is therefore

ORDERED as follows:

1.  Defendant's Motion to Dismiss (# 8) is DENIED without prejudice.

2.  Plaintiff's Motion to Substitute (# 17) is GRANTED.

3.  Third-Party Defendant's Motion to Dismiss (# 26) is GRANTED as to Third-Party
Defendant's argument as to improper venue, and is DENIED as moot on all other grounds.

4.  The clerk shall forthwith enter final judgment in favor of Third-Party Defendant and
against Defendant/Third-Party Plaintiff, dismissing Defendant/Third-Party Plaintiff's third-party
complaint without prejudice.  Third-Party Defendants may recover its costs by filing a bill of
costs within eleven days of today's date.

Dated this 21st day of July, 2005.

BY THE COURT:

s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge